**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Zhong Can Liu,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-06539-PHX-DWL

**ORDER**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Pursuant to General Order 26-09, Respondents were directed to show cause why the petition should not be granted. (Docs. 3, 4.) Respondents filed a response (Doc. 5) and Petitioner filed two replies (Docs. 6, 7). For the reasons that follow, the petition is granted in part, such that Petitioner is entitled to a new bond hearing.

## I. Background

On April 29, 2025, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE"). (Doc. 1 at 4.)

In April 2026, Petitioner filed a different habeas petition under 28 U.S.C. § 2241 challenging the legality of his immigration detention. *See Liu v. Rokosky*, No. 2:26-cv-06539-DWL (hereinafter, "the First Action"), Doc. 1.

On May 8, 2026, while the First Action was ongoing, an immigration judge ("IJ") issued a removal order. (Doc. 1 at 4.) Petitioner has appealed the removal order to the

Board of Immigration Appeals ("BIA"). (*Id.*) Thus, as Respondents correctly note (Doc. 5 at 1), Petitioner is not currently subject to a final order of removal.

On August 3, 2026, Judge Fine issued a report and recommendation ("R&R") in the First Action concluding that even though Petitioner was being detained under 8 U.S.C. § 1225(b) and thus had no statutory right to a bond hearing, Petitioner's status as a lawful permanent resident ("LPR") meant he had a constitutional right to a bond hearing. (The First Action, Doc. 10.)

On August 21, 2026, after neither side filed objections, the Court adopted the R&R and ordered the provision of a bond hearing. (The First Action, Doc. 11.)

The bond hearing took place on September 4, 2026. (Doc. 1 at 5.) The IJ denied bond on the ground that Petitioner was both "Flight Risk and or Danger to National Security." (*Id.*)

On September 14, 2026, Petitioner initiated this action by filing a new § 2241 petition. (Doc. 1.) Petitioner asserts four grounds for relief: (1) the IJ violated his due process rights by requiring him to bear the burden of proof during the bond hearing (*id.* at 5); (2) he has been in immigration custody since April 29, 2025, which is unconstitutionally "prolonged" because it exceeds the "benchmark" of "six months" (*id.* at 4, 6); (3) "the duration of [his] detention is excessive in relation to the governments [sic] detention purpose" (*id.* at 7); and (4) his detention has become unreasonably prolonged as recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001) (*id.*).

Apart from arguing that *Zadvydas* is inapplicable, Respondents do not address any of Petitioner's arguments on the merits. (Doc. 5.) Instead, they argue the petition should be denied because Petitioner has not exhausted his administrative remedies. (*Id.* at 1-3.) They also assert that Petitioner "is detained pursuant to 1226(a) and is eligible to request a bond hearing at any time." (*Id.* at 3.)

In reply, Petitioner contends that exhaustion should be excused and that Respondents have not responded to his claims. (Doc. 6 at 1-2; Doc. 7 at 2-5.)[1]

[1] Petitioner's first reply also discusses mandatory detention under the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E). (Doc. 6 at 2, 4.) But Respondents do not contend, at least

## II. Discussion

Petitioner's second, third, and fourth claims for relief—all of which raise, in one form or another, a claim of unconstitutionally prolonged detention—fail on the merits. Petitioner is not subject to a final order of removal because his BIA appeal of the removal order remains pending. Under these circumstances, *Zadvydas* is inapplicable and Petitioner does not have an unconditional right to release. *Cf. Mamedova v. Noem*, 2026 WL 1162282 (D. Ariz. 2026) (concluding that a non-LPR habeas petitioner being detained pursuant to § 1225(b) did not have a constitutional right to a bond hearing or release); *Romero-Amaya v. Rosa*, 2026 WL 2620333, *2 (D. Ariz. 2026) (concluding that a habeas petitioner being detained pursuant to § 1226(a), who had been deemed a flight risk during his first bond hearing, did not have a constitutional right to a second hearing).

This leaves Petitioner's first claim for relief, which challenges the constitutionality of requiring him to bear burden of proof during his bond hearing. Respondents' only counterargument is that Petitioner failed to exhaust his administrative remedies. (Doc. 5 at 1-3.) They assert that Petitioner "had a bond hearing and failed to appeal to the BIA, or the BIA appeal is still pending." (*Id.* at 3.) Respondents do not say which is true. They have submitted no record of the bond hearing, the IJ's decision, or any appeal. The only BIA appeal reflected in the record is Petitioner's appeal of his removal order. (Doc. 1 at 4.) Petitioner's first reply treats an appeal of the bond denial as a step he has not taken. (Doc. 6 at 2.) The Court therefore assumes that Petitioner did not appeal the bond denial and that his claim is unexhausted.

Section 2241 does not explicitly require exhaustion. However, the "Ninth Circuit requires prudential exhaustion in habeas challenges to decisions by IJs, including bond determinations." *Aden v. Nielsen*, 2019 WL 5802013, *2 (W.D. Wash. 2019) (citations

in this action, that Petitioner is being detained under that provision. In his second reply, Petitioner asserts that the government relied on another person's criminal convictions at the bond hearing. He asserts that the immigration judge admitted that evidence over his objection. (Doc. 7 at 3-4.) Petitioner raises this assertion for the first time in reply, and the record contains no transcript or decision from the hearing, so the Court does not rely on it. Petitioner may raise any objection to the government's evidence at the new hearing ordered below.

omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

"Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). On the other hand, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

Respondents argue that exhaustion should be required because Petitioner's claim is "merely an allegation of procedural error which is correctable by the BIA, couched in constitutional terms." (Doc. 5 at 3.) This argument is unavailing. Petitioner does not contend that the IJ misapplied the governing regulations or the BIA's precedents. To the contrary, he contends that although the IJ applied the allocation of the burden that those authorities prescribe, doing so in his case violated his due process rights. (Doc. 1 at 5.) The BIA could not correct that alleged error—as Respondents acknowledge, the BIA lacks jurisdiction to adjudicate constitutional challenges. (Doc. 5 at 2.) Given this backdrop, there is no reason to require exhaustion here. Petitioner's first claim presents a legal question about the allocation of the burden of proof. It does not challenge the IJ's weighing of the evidence. Agency expertise is therefore not needed to generate a proper record. Nor

would excusing exhaustion, at least under these circumstances, encourage deliberate bypass of the administrative scheme. Petitioner obtained his bond hearing through a federal court order. Finally, administrative review is unlikely to allow the agency to correct the alleged error and would thus be futile.[2]

Beyond exhaustion, Respondents do not defend the procedures used at Petitioner's bond hearing. Thus, any defense to Count One is forfeited.

As for the appropriate remedy, Petitioner asks the Court to order his immediate release. (Doc. 1 at 5, 8.) This remedy would be overbroad. The constitutional defect challenged in Count One lies in the allocation of the burden of proof during Petitioner's bond hearing. The appropriate remedy is a new hearing that corrects that defect, with release in the alternative if Respondents do not provide one.

**IT IS ORDERED:**

1. Petitioner's § 2241 petition (Doc. 1) is **granted in part as to Ground One** and otherwise **denied**.

2. Petitioner's motion for decision (Doc. 8) is **denied as moot**.

3. Respondents must provide Petitioner a bond hearing before an immigration judge within seven days of the date of this order. At the hearing, the government must bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. In the alternative, Respondents must immediately release Petitioner under appropriate conditions of release.

4. Respondents must file a notice of compliance within two days of Petitioner's bond hearing or release.

…

…

---

[2] The Court also notes that although Respondents contend that Petitioner "is detained pursuant to 1226(a)" and is thus "eligible to request a bond hearing at any time" (Doc. 5 at 3), this representation is inconsistent with the position Respondents took during the First Action, where they argued that "[e]ven if the Court finds that Petitioner is not subject to mandatory detention under § 1226(c), Petitioner still must remain detained pending his proceedings under § 1225(b)." (The First Action, Doc. 8 at 3.)

5. The Clerk shall enter judgment accordingly and close this case.

Dated this 18th day of November, 2026.

Dominic W. Lanza
United States District Judge